FAR WEST COMMERCIAL FINANCE CO.,
*Respondent,*

*v.*

MASTERS,
aka Minton, dba Remote Store,
*Appellant.*

(86-1008; CA A45882)

765 P2d 822

George T. Gant, Coos Bay, argued the cause for appellant. With him on the brief was Thom, Gant & Whitty, Coos Bay.

Katherine J. Schroeder, Portland, argued the cause for respondent. With her on the brief was Schwabe, Williamson & Wyatt, Portland.

Before Warden, Presiding Judge, and Graber and Riggs, Judges.

WARDEN, P. J.

### WARDEN, P. J.

Plaintiff took a default judgment against defendant on September 2, 1986. In August, 1987, defendant moved to set aside the default order and judgment pursuant to ORCP 71B(1)(a) and (d). The trial court denied the motion, and defendant appeals. We affirm.

Of defendant's three claims of error, only the claim that the judgment is void for lack of jurisdiction merits discussion. Defendant contends that, because the certificate of service of the summons and complaint was not filed with the court until after entry of the judgment, the court lacked jurisdiction to enter the judgment. We disagree.

ORCP 7 addresses the requirements for service of summons. ORCP 7D(1) makes clear that the goal of service is to provide the defendant with adequate notice. It states, in part:

> "Summons shall be served * * * in any manner reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend."

ORCP 7G emphasizes that form is not to prevail over substance:

> "Failure to comply with provisions of this rule relating to the form of summons, issuance of summons, and the person who may serve summons shall not affect the validity of service of summons or the existence of jurisdiction over the person, if the court determines that the defendant received actual notice of the substance and pendency of the action."

Finally, ORCP 7F expressly states that failure to file a proper proof of service shall not affect the validity of a properly served summons.

The evidence reveals that defendant received actual notice of the claim against her and of plaintiff's application for default. Defendant's attorney was served with the original complaint by mail on May 27, 1986, and defendant was personally served with copies of the summons and complaint on June 3, 1986. Both defendant and her attorney were served by mail with the motion for order of default, mailed July 21, 1986. On August 9, 1986, defendant was personally served with the motion for default judgment, the affidavit (which recited when

the summons and complaint had been served) and a notice that the motion would be heard three weeks from the date of service. Proof of service was filed on August 18, 1986. The affidavit of the officer who personally served copies of the summons and complaint on defendant was not filed until August 14, 1987. Defendant argues that the judgment is void, because that proof of service was not filed before entry of the judgment. We hold that, when a defendant has been properly served with copies of the summons and complaint, the failure to file timely proof of their service does not void a default judgment entered before the proof of service is filed, when, as here, other material in the file at the time of the entry of the default order shows that service has been made.

Affirmed.